UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIE RAY BOUNDS,

    Plaintiff,

v.

                              Case No. 24-cv-96-pp

PEOPLE READY TEMP AGENCY,
ELITE STAFFING, STAFFING PARTNERS
and QPS EMPLOYMENT GROUP,

    Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING COMPLAINT AND DISMISSING CASE WITHOUT PREJUDICE**

On January 24, 2024, the plaintiff—who is representing himself—filed a two-page, handwritten complaint. Dkt. No. 1. The same day, the plaintiff filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee, but because the complaint fails to state a claim upon which this federal court can grant relief, the court will dismiss this case without prejudice.

**I.    Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)**

    A.    <u>Legal Standard</u>

In federal court, an indigent plaintiff "may commence a civil action without prepaying fees or paying certain expenses." <u>Coleman v. Tollefson</u>, 575 U.S. 532, 534 (2015). To qualify to proceed without prepaying the filing fee, a plaintiff must fully disclose his financial condition, and must do so truthfully under penalty of perjury. See 28 U.S.C. §1915(a)(1) (requiring the person

1

seeking to proceed without prepayment to submit "an affidavit that includes a statement of all assets [they] possess[]"). As the Seventh Circuit Court of Appeals has explained, "[p]roceeding [without prepaying the filing fee] is a privilege, and courts depend on the plaintiff's honesty in assessing [his] ability to pay." Lofton v. SP Plus Corp., 578 F. App'x 603, 604 (7th Cir. 2014); see also Chung v. Dushane, Case No. 03 C 5955, 2003 WL 22902561, at *2 (N.D. Ill. Dec. 9, 2003) ("The opportunity to proceed [without prepaying the filing fee] is a privilege provided for the benefit of indigent persons and the court system depends upon the honesty and forthrightness of applicants to ensure that the privilege is not abused.").

      B.    The Plaintiff's Financial Status

The plaintiff's affidavit (which lists the defendant as "DHS," rather than the defendants he named in the complaint) avers that he is not employed because he "was fired on 01-9-2024" but it says that when he was working, he made $300 a month. Dkt. No. 2 at 1-2. The plaintiff appears to state that now he is a student. Id. at 2. The plaintiff states that he is not married and that he has no dependents. Id. at 1. He reports that he has $48 in monthly expenses ($23 in foodshare and $25 in phone bills; the plaintiff says that "after review," his foodshare will "go back to $291.00 monthly"); he reports that he is homeless, staying "from place to place." Id. at 2. The plaintiff says that he does not own a car, a home or any other property of value. Id. at 3-4. The plaintiff notes that he has $1.25 in his account. Id. at 3.

Under "Other Circumstances" the plaintiff again explains that he is homeless and that he "stay[s] from place to place." Id. at 4. The plaintiff also states that he is "a student at M.A.T.C. [Milwaukee Area Technical College] here in Milwaukee." Id. The plaintiff explains that he is experiencing "hardship"

2

and "emotion[al] distress[]." Id. Finally, the plaintiff says that now that he is unemployed, he has "no money for hygiene and all other personal items for life living." Id.

    C.    <u>Analysis</u>

Based on the information in the affidavit, the court concludes that the plaintiff does not have the ability to prepay the filing fee. The plaintiff says that he is recently unemployed and that he has just over one dollar in his account. He says that he is homeless and that he "stay[s] from place to place." The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee.

The court advises the plaintiff, however, that he still is responsible for paying the filing fee as he is able. <u>Robbins v. Switzer</u>, 104 F.3d 895, 898 (7th Cir. 1997); <u>see also</u> <u>Rosas v. Roman Catholic Archdiocese of Chi.</u>, 748 Fed. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' but not without ever paying fees.") (emphasis in original). When a court grants a motion allowing a plaintiff to proceed without prepaying the filing fee, it means only that the person does not have to pre-pay the full filing fee up front; the plaintiff still owes the filing fee.

**II.    Screening the Complaint**

    A.    <u>Legal Standard</u>

The court next must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the

claim" showing that he "is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). A plaintiff does not need to plead every fact supporting his claims; he needs only to give the defendants fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

To state a claim against the defendants, the complaint must contain allegations that "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth. Id. at 663-64. A document filed by a person who is representing himself must be "liberally construed," and a complaint filed by someone representing himself, "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

B.  The Plaintiff's Allegations

The plaintiff did not use this court's complaint form to prepare his complaint. The first page of the complaint lists the names and addresses of the four defendants the plaintiff seeks to sue. Id. at 1. Those addresses, if correct, reveal that least three of the four defendants are Wisconsin residents.[1] Id. Next to each defendant's name, the plaintiff made notations. The plaintiff states that he last worked with defendant People Ready Temp Agency on December 15,

---

[1] The complaint does not identify the state of residence of defendant Staffing Partners, although the court is aware that there is a company by that name in Milwaukee.

4

2023, that he last worked with defendant Elite Staffing on January 9, 2024 and that that he last worked with defendant Staffing Partners on December 27, 2023. Id. The plaintiff wrote that he was not at QPS Employment Group any longer, and that he last worked there in October 2023. Id.

The second page of the complaint contains the plaintiff's signature and the following statement:

> Also with temp services jobs are not there always now with Staffing Partners slow no work, People Ready <u>no</u> job assignment in yet slow season for working.

Id. at 2. Under this statement, the plaintiff wrote, "if any questions call me," providing two phone numbers. Id.

C.  Analysis

As an initial matter, it does not appear that the court has jurisdiction. "While state courts are courts of general jurisdiction—essentially open to all comers on all matters—federal courts are courts of limited jurisdiction." E. Cent. Ill. Pipe Trades Health & Welfare Fund v. Prather Plumbing & Heating, Inc., 3 F.4th 954, 957 (7th Cir. 2021). As courts of limited jurisdiction, federal courts have subject matter jurisdiction in two primary categories of cases: 1) those raising issues of federal law ("federal question" jurisdiction under 28 U.S.C. §1331) and 2) those between parties who are citizens of different states and which involve an mount in controversy exceeding $75,000.00 ("diversity" jurisdiction under 28 U.S.C. §1332). A plaintiff properly invokes §1331 federal question jurisdiction when he pleads a colorable claim arising under the Constitution or laws of the United States. "The well-pleaded complaint rule requires that a federal question be 'apparent on the face' of the complaint." Hero v. Lake Cnty. Election Bd., 42 F>4th 768, 775 (7th Cir. 2022) (quoting Ne. Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n, Inc., 707 F.3d

5

883, 890 (7th Cir. 2013)). Diversity jurisdiction exists when the amount in controversy exceeds $75,000 exclusive of interest and costs, and the parties are citizens of different states. 28 U.S.C. §1332(a). In other words, diversity jurisdiction under §1332 exists where "no party on the plaintiff's side of the suit shares citizenship with any party on the defendant's side." Page v. Democratic Nat'l Comm., 2 F.4th 630, 636 (7th Cir. 2021) (citing Wis. Dep't of Corr. v. Schact, 524 U.S. 381, 288 (1988)).

The single paragraph in the plaintiff's complaint does not state a federal question. No provision of the U.S. Constitution guarantees a person the right to a job, and the court is not aware of any federal statute that does so. There are constitutional provisions and laws that prohibit employers from discriminating against certain people under certain circumstances, but the plaintiff has not alleged that the defendants discriminated against him. He alleges only that they haven't had any work for him because things have been "slow."

Nor does the court appear to have diversity jurisdiction. The plaintiff did not state the amount of damages he was seeking. More to the point, the return address on the envelope the plaintiff used to mail his complaint to the court is on North 37th Street in Milwaukee, Wisconsin. Dkt. No. 1-1. As the court has explained, the plaintiff provided the state of residency of defendants People Ready, Elite Staffing and QPS—Wisconsin. Although he did not indicate the state of residency for Staffing Partners, he listed the "St. Francis office, 4051 South Iowa Avenue" as the address for that company. Dkt. No. 1 at 1. Staffing Partners—the Milwaukee staffing company—has an office at 4051 S. Iowa Avenue in St. Francis, Wisconsin. https://www.spemploys.com/contact-us/. Because it appears that the plaintiff and all four defendants are residents of the state of Wisconsin, this federal court does not have diversity jurisdiction.

6

Even if the court did have jurisdiction over the plaintiff's claims, the court cannot determine from the one paragraph on the second page of the complaint what those claims are. The defendants are temporary employment agencies; as best the court can tell, the plaintiff is alleging that they have not had work for him recently.[2] Under Wis. Stat. §102.04(2m), "a temporary help agency is the employer of an employee whom the temporary help agency has placed with or leased to another employer that compensates the temporary help agency for the employee's services." The plaintiff has not explained whether the agencies placed him with another employer who paid the agency for his services. The plaintiff does not explain whether he had a contract with the agencies and if so, whether he was looking for temporary, temp-to-hire or permanent positions. He does not explain whether the agencies promised him a certain amount of work or whether they refused to find jobs for him. As the court observed, he has not alleged that the agencies discriminated against him for some prohibited reasons.

If, as it appears, the plaintiff alleges only that the defendants should have found more work for him, that is not a claim for which a federal court can grant relief. Neither federal law nor Wisconsin law guarantees a person a right to a job. Under Wisconsin law, even people who have an employment contract with an employer who has hired them likely are "at-will" employees, because "[i]n Wisconsin and elsewhere, there is a 'strong presumption that an employee contract is at will unless the terms of the contract state otherwise.' *Heinritz v. Lawrence University*, 194 Wis. 2d 606 . . . (Wis. App. 1995)." Wesbrook v. Ulrich, 840 F.3d 388, 400 (7th Cir. 2016). "[A]n employee is considered at-will

---

[2] The plaintiff has asserted that he "last worked" with one of the defendants on January 9, 2024; he filed his complaint on January 24, 2024, about fifteen days later. Dkt. No. 1.

unless evidence expressly shows that the parties intended to be bound to a different type of employment agreement[.]" Williams v. Milwaukee Health Servs., Inc., 562 F. App'x 523, 525 (7th Cir. 2014); see also Thelen v. Marc's Big Boy Corp., 64 F.3d 264, 269 (7th Cir. 1995) ("Wisconsin has a strong presumption in favor of employment at-will."); Higgins v. Tru Serv. Grp., Inc., Case No. 21-CV-1021, 2023 WL 2693269, at *5 (E.D. Wis. Mar. 29, 2023) ("Under Wisconsin law, an employee hired for an indefinite term is presumed to be an employee at will."). This means that "under Wisconsin law, 'at-will employees are terminable at will, for any reason, without cause and with no judicial remedy.'" Kvapil v. Chippewa Cnty., Wis., 752 F.3d 708, 713 (7th Cir. 2014) (quoting Bammert v. Don's Super Valu, Inc., 254 Wis. 2d 347, 353 (Wis. 2002). There are exceptions to this general rule, but they are narrow. See Hoeller v. Eaton Corp., 149 F.3d 621, 625 (7th Cir. 1998) ("In order to state a claim for wrongful discharge in Wisconsin, an [at-will] employee must allege that he or she was terminated for refusing a command to violate a public policy that is embodied in statutes, constitutions, or administrative rules."); Kohls v. Beverly Enter. Wis., Inc., 259 F.3d 799, 805 (7th Cir. 2001) (noting that the court's role in deciding whether employer could terminate at-will employee is not to tell employers how to discipline employees; rather, it is to ensure that the process is not discriminatory).

The plaintiff wrote on the second page of the complaint, "if any questions call me." That is not the way litigation in federal court works. A plaintiff cannot put a couple of sentences in a complaint and then say, "if you need any more information, give me a call." The plaintiff must allege *in the complaint* all the facts that he believes entitle him to relief. To state a viable claim against the defendants, the complaint needed to contain allegations that "'state a claim to

relief that is plausible on its face.'" Iqbal, 556 U.S. at 663 (quoting Twombly, 550 U.S. at 570). This means that the complaint itself must give the defendants fair notice of the nature of the plaintiff's claims and the grounds upon which they rest. See Twombly, 550 U.S. at 555.

Ordinarily, the court would give a plaintiff permission to amend his complaint, but in this case "it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n, 377 F.3d 682, 687 (7th Cir. 2004). Neither the federal Constitution, federal law nor Wisconsin law entitle the plaintiff to work from a temporary agency, and because he and the defendants are all citizens of Wisconsin, the court does not have either federal or diversity jurisdiction.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which this federal court can grant relief. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 27th day of February, 2024.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**